# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| KWAKU ATTA POKU <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION <br><br> Defendant. |

Civil Action No. 09-02441 (JDB)

## MEMORANDUM OPINION

Kwaku Atta Poku ("Plaintiff") brings this action against the Federal Deposit Insurance Corporation ("FDIC") seeking compensatory damages for the alleged wrongful foreclosure of his home and for relief on other related claims. The FDIC moves to dismiss the complaint for lack of subject matter jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), because plaintiff has a pending case involving substantially the same claims and the same subject matter against the FDIC in the United States District Court for the District of Maryland. The Court finds that it has subject matter jurisdiction over plaintiff's claims and that venue is proper; however, in the interest of comity and judicial economy, the Court will grant the FDIC's motion to dismiss.

## BACKGROUND

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") was enacted in response to the savings and loan crisis and, among other provisions, it granted FDIC the authority to act as a receiver for failed financial institutions and preserve, manage, and

-1-

liquidate the failed institutions' assets as appropriate. See Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989); 12 U.S.C. §§ 1821(d)(2). Once the FDIC is appointed receiver, a claimant must submit all claims it originally had against the failed institution to the FDIC to review. 12 U.S.C. § 1821(d)(6).

On December 31, 2007, plaintiff filed an action in the Circuit Court for Baltimore City, Maryland, against Washington Mutual Bank and Washington Mutual Home Loans ("WAMU"), Stewart Title Guaranty Company, Advance Settlement Agency, Inc., and other foreclosure trustees. Def.'s Mem. in Support of Mot. to Dismiss ("Def.'s Mem.") at 2. Plaintiff alleged that WAMU, among others, wrongfully foreclosed his home when a loan he obtained was not properly applied to his mortgage. Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Opp.") at 1-2.

On May 8, 2008, the action was removed to the United States District Court for the District of Maryland ("District of Maryland"). Id. WAMU subsequently failed, and on September 25, 2008, the FDIC was appointed receiver for the failed institution. Id. The FDIC, as receiver, assumed all rights, titles, power, and privileges of WAMU. 12 U.S.C. § 1821.

On January 15, 2009, the FDIC replaced WAMU in the Maryland case. Def.'s Mem. at 2. The District of Maryland imposed a mandatory 90-day stay and, by consent, stayed the action until December 25, 2009. Id. In the interim, as required by 12 U.S.C. § 1821(d)(6), plaintiff filed an administrative claim with the FDIC, which was rejected on November 4, 2009. Id. On December 1, 2009, plaintiff filed a motion to lift the stay and allow the action to proceed, which was granted on January 7, 2010. Id. On December 29, 2009, while his motion was pending, plaintiff filed this complaint in this Court. Id. Plaintiff brings essentially the same claims he brought in the District of Maryland but argues that the District of Maryland cannot exercise

jurisdiction over his claims against the FDIC.

## STANDARD OF REVIEW

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court -- plaintiffs here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998)); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "'plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990)). At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); St. Francis Xavier Parochial Sch., 117 F.3d at 624-25

n.3; Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir.1992).

Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. Fed. R. Civ. P. 12(b)(3). When federal jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1391(a) controls venue, establishing three places where venue is proper:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

If the district in which the action is brought does not meet the requirements of section 1391(a), then that district court may either dismiss, "or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether dismissal or transfer is "in the interests of justice" is committed to the sound discretion of the district court. Naartex Consulting Corp., 722 F.2d at 789. Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466- 67 (1962); James v. Booz-Allen, 227 F.Supp.2d 16, 20 (D.D.C. 2002).

To transfer a case, the transferor court must find that the intended transferee court is one in which the plaintiff could have originally brought the action. 28 U.S.C. § 1406(a). While the D.C. Circuit does not appear to have addressed the meaning of the phrase "in which an action could have been brought," the phrase has been interpreted to mean that the transferee court must have both personal jurisdiction and venue. Id.; 17 FED. PRAC. & PROC. § 3827; 17

MOORE'S FED. PRAC., § 111.33[1] (citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) (observing that the district court properly denied transfer to a district in which venue was improper)); Harman v. Pauley, 522 F.Supp. 1130, 1133 (S.D.W.Va.1981) (noting that "[t]he transferee court must have or be able to obtain personal jurisdiction over the defendant")).

## DISCUSSION

### I.  Subject Matter Jurisdiction

The FDIC moves to dismiss the complaint for lack of subject matter jurisdiction on the ground that FIRREA allows plaintiff to file suit against the FDIC in only one jurisdiction. Plaintiff responds that FIRREA authorizes this Court to exercise jurisdiction over his claim. For the reasons discussed below, the Court will deny the FDIC's motion to dismiss for lack of subject matter jurisdiction.

Under FIRREA, a person with claims against a failed financial institution must submit those claims to the FDIC if the FDIC steps in as a receiver. 12 U.S.C. § 1821(d)(6). If the FDIC denies those claims, the person can then seek judicial review of the FDIC decision within 60 days. To do so, the claimant must

> file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. §1821 (d)(6).

The FDIC argues that plaintiff could only either (1) continue the action commenced in the District of Maryland before the FDIC was appointed as receiver or (2) initiate new litigation in this Court or the district court for the district in which WAMU's principal place of business is

located.  See Def.'s Mem. at 4-5.  Because plaintiff has continued his suit in the District of Maryland, the FDIC contends, he must abandon his case there if he wishes to file a new action in this Court.  Id. at 5.

The statute, however, does not divest this Court of subject matter jurisdiction over plaintiff's claim, which he timely and properly filed under FIRREA.  By the time that plaintiff filed his case in this Court, the FDIC had already been appointed as receiver.  In such "post-receivership" cases, the District of Maryland would not have had subject matter jurisdiction over plaintiff's case.  Instead, under FIRREA, only this Court or the district court in the district where WAMU's principal place of business is located would have jurisdiction over plaintiff's claims.  See Lloyd v. Federal Deposit Ins. Corp., 22 F.3d 335, 337 (1st Cir. 1994).  The statute explicitly provides that these courts "shall have jurisdiction over such claims"; no provision divests jurisdiction in cases where the plaintiff has continued a previous claim in a different court.  The Court therefore declines to adopt the FDIC's narrow interpretation, which would automatically deprive this Court of jurisdiction in post-receivership cases if the plaintiff had filed elsewhere.

Here, plaintiff timely filed his post-receivership complaint in this Court within 60 days of the FDIC's denial of his claims, as required under FIRREA in order to seek judicial review of his claims.  As described above, section 1821(d)(6)(a) explicitly permits plaintiff to file in this Court or in the district court where WAMU's principal place of business is located.  Under FIRREA, it is plain, then, that this Court exercises subject matter jurisdiction over plaintiff's claim.

**II.     Venue**

The FDIC also moves to dismiss for improper venue, arguing that plaintiff's pending litigation in the District of Maryland renders venue in this Court improper.  See Def.'s Mem. at 3.

The Court finds that venue in this Court is proper, however.

In post-receivership cases such as this one, FIRREA authorizes filing in either the District of Columbia or the district court of the district where WAMU's principal place of business is located. See Hudson United Bank v. Federal Deposit Ins. Co., 43 F.3d 843, 849 (3rd Cir. 1994) (affirming district court's holding that, in post-receivership cases, 12 U.S.C. § 1821(d)(6)(A) limits venue to the district court where the depository institution had its principal place of business or the District of Columbia); American Nat'l Ins. Co. v. Federal Deposit Ins. Co., No. G-09-44, 2009 U.S. Dist. LEXIS 89465, at *6 (D. Tex. Sept. 9, 2009) (finding that the FDIC as a receiver for failed institutions has a "right to defend suits against it at specific locations," including the District of Columbia). Nothing in the statute indicates that the District of Columbia becomes an improper venue under circumstances such as those in this case. Accordingly, this Court is a proper venue for plaintiff's case.

### III.    Duplicative Litigation

Finally, the FDIC asserts that this case is duplicative of plaintiff's pending case in the District of Maryland, which also involves the FDIC, the same subject matter, and substantially similar claims. Plaintiff acknowledges that he has filed the same case in this Court, out of concern that the District of Maryland no longer has subject matter jurisdiction over his claim. For reasons of comity and judicial economy, the Court will grant the FDIC's motion to dismiss this plainly duplicative case.

District courts have the discretion to stay or dismiss a pending suit when confronted with parallel litigation of factually related cases filed in two separate forums. Handy v. Shaw, 325 F.3d 346, 349 (D.C. Cir. 2003). In fact, in situations of parallel litigation in two federal district

courts, the U.S. Supreme Court has stated that "though no precise rule has evolved, the general principle is to avoid duplicative litigation." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted).

Moreover, it is well-established in the D.C. Circuit that "[w]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." Washington Metro. Area Transit Auth. v. Rogonese, 617 F.2d 828, 830 (D.C. Cir. 1980) (citations omitted). The Circuit has warned against mechanically applying the first-filed-rule if the second-filed action deserves priority, see Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 628 (D.C. Cir. 1975), but "considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously," Washington, 617 F.2d at 830 (citations omitted); see also Columbia, 525 F.2d at 626 ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided."); Nat'l Family Planning and Reproductive Health Ass'n v. Sullivan, 1991 WL 345629, at *2 (D.D.C. Oct. 5, 1992) ("This principle of judicial comity is derived from the policies favoring the conservation of judicial resources as well as providing for the comprehensive disposition of litigation before the federal courts.").

Plaintiff acknowledges that he has a case involving substantially similar claims and the same subject matter pending against the FDIC in the District of Maryland. See Pl.'s Opp. at 3. ("There is another pending action between the same parties in a different forum."). Plaintiff filed his case against WAMU in Maryland state court on December 31, 2007. Def.'s Mem. at 2. The

case was later removed to the District of Maryland, and the FDIC substituted itself for WAMU in the suit on January 15, 2009, nearly a year before the filing of this action. Id. In the Maryland case, plaintiff has also sued additional parties, including the FDIC; he makes some additional claims; and he also seeks relief under Maryland's Consumer Protection Act. See Compl. ¶¶ 79-100. Although the Maryland case was stayed for approximately a year while the FDIC evaluated plaintiff's claims, the stay was lifted, and litigation recommenced as of January 7, 2010. Since then, plaintiff's case in Maryland has proceeded further, and the FDIC has a pending cross-claim in that case. See Def.'s Mem. at 6. The most recent filing in that case was on May 11, 2010, and the litigation has now reached the summary judgment stage.

Although plaintiff is concerned that the District of Maryland no longer retains subject matter jurisdiction over his claims, the case law overwhelmingly suggests otherwise. Under FIRREA, courts have recognized that a plaintiff can "continue an action commenced before the appointment of the receiver," whether or not the case was originally filed in this Court or in the district within which the depository institution's principal place of business is located. See e.g., Holmes Financial Assoc. v. Resolution Trust Corp., 33 F.3d 561, 567 (6th Cir. 1994) (finding state court retained original jurisdiction over pre-receivership claim); Serge Marquis v. Federal Deposit Ins. Corp., 965 F.2d 1148, 1152-55 (1st Cir. 1992) (holding that federal court retains jurisdiction in a pre-receivership claim); King v. Long Beach Mortgage Co., 672 F. Supp. 2d 238, 245 (D. Mass. 2009); Resolution Trust Corp. v. J.F. Assocs., 813 F. Supp. 951, 956-58 (N.D.N.Y. 1993); Vinton v. Trustbank Savings, 798 F. Supp. 1055, 1061 (D. Del. 1992); Coston v. Gold Coast Graphics, Inc., 782 F. Supp. 1532, 1535-36 (S.D. Fl. 1992); Guidry v. Resolution Trust Corp., 790 F. Supp. 651, 653 (E.D. La 1992); Aliberti, Larochelle & Hodson Eng'r Corp. v.

First Meridian Group, 795 F. Supp. 42, 45 (D. Me. 1992).

Here, plaintiff filed his complaint in Maryland before the FDIC was appointed as receiver, and under FIRREA, plaintiff was entitled to continue his Maryland action in that court. In such "pre-receivership claims," the District of Maryland retains jurisdiction over his complaints. Indeed, the FDIC has not challenged plaintiff's claim that his complaint is properly in the District of Maryland. See Def.'s Reply to Pl.'s Opp. to Mot. to Dismiss at 1 ("Def.'s Reply") ("There is no dispute that [the Maryland] Court has jurisdiction over Plaintiff's claims.).

Additionally, plaintiff need not have any concern about the propriety of venue in Maryland. The FDIC has acknowledged that venue properly lies in the District of Maryland and has waived any objection to venue in that court. See Def.'s Mem. at 1 (The FDIC "respectfully submits that . . . the United States District Court for the District of Maryland is the proper forum to litigate Plaintiff's claims."). Accordingly, the District of Maryland both has subject matter jurisdiction and is a proper venue to entertain plaintiff's claims under FIRREA.

## CONCLUSION

This Court will avoid duplicative litigation by deferring to the United States District Court for the District of Maryland to resolve this case. Hence, although the Court will deny the FDIC's motion to dismiss on subject matter jurisdiction and venue grounds, for reasons of comity and judicial economy the Court will dismiss plaintiff's complaint without prejudice. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: November 23, 2010